Duntz v. Duntz.

———————◆———————

ELI H. DUNTZ *vs.* JACOB H. DUNTZ, commissioner of highways of the town of Gallatin.

Commissioners of highways are authorized to employ counsel in the preparation and trial of an indictment against an individual for obstructing a public highway, and to render other legal services in relation to matters connected with the control and management of highways. Such authority is incident to their official character.

A contract of that nature, made by commissioners of highways with an attorney may be enforced against their successors in office.

If a commissioner of highways advances the money, out of his own pocket, to pay the claim of an attorney whom he and his associates have employed to render services for the town, in respect to highways, and takes an assignment of the claim to himself, individually, he may maintain an action thereon against his successor in the office of commissioner of highways.

It is well established that in order to reverse proceedings of a justice's court, proper objections must be there taken. Every reasonable intendment will be indulged in support of a judgment of that court.

THIS is an appeal from a judgment of the county court of Columbia county reversing a judgment of a justice of the peace. The plaintiff, and two others in the capacity of commissioners of highways of the town of Gallatin, Columbia county, retained R. E. Andrews to assist as counsel in the preparation and trial of an indictment against one Fingars for obstructing a public highway in said town. And also employed said Andrews to render other legal services in relation to matters connected with the control and management of the public highways. All of which are embraced

Duntz *v.* Duntz.

in the bill given in evidence. From March, 1860, to March, 1861, the plaintiff was the only commissioner of highways of said town. Andrews requested payment of his bill of the plaintiff who was commissioner of highways. The plaintiff having no money belonging to the town in his hands, advanced the amount of the said bill from his own funds, and took an assignment of the demand from Andrews. The plaintiff commenced an action in the justice's court against the defendant as commissioner of highways of said town, to recover the amount of said claim, and a judgment was there rendered in favor of the plaintiff. This was reversed by the county court, and from the judgment of the county court this appeal is taken by the plaintiff.

*R. E. Andrews,* for the appellant.

*John Gaul,* for the respondent.

*By the Court,* INGALLS, J. The only objections taken by the defendant, in the justice's court, are those alleged as grounds in support of a motion for nonsuit. I think the plaintiff and his associates, as such commissioners of highways, were authorized to employ Andrews to render the services which were the subject of the action. And that such authority was incident to their official character. (*Supervisor of Galway* v. *Stimson,* 4 *Hill,* 136. *Todd* v. *Birdsall,* 1 *Cowen,* 260. *Overseers of Pittstown* v. *Overseers of Plattsburgh,* 18 *John.* 407.) No objection was taken in the justice's court as to the authority to employ counsel, nor as to the amount or propriety of the charges, and the evidence in relation thereto was all taken without objection. It is well established that in order to reverse proceedings of a justice's court, proper objections must be there taken. Every reasonable intendment will be indulged in support of the judgment of that court. Assuming that the commissioners were authorized to employ Andrews, a valid contract was

Duntz *v.* Duntz.

made by them, which within the following provision of the revised statutes could be enforced against the successors in office of such commissioners. (2 *R. S. p.* 496, § 98, *Edmonds' ed.*) "Where any contract shall have been entered into, or any liability shall have been incurred, by or in behalf of any county or town, by any officer thereof, within the scope of his authority, the same remedies may be had against any successor of such officer in his official character, as might have been had against such officer if he had continued in office."

The plaintiff testifies expressly that he paid Andrews, *out of his own money and took an assignment of the claim. This fact is uncontradicted.* And the complaint is in harmony with the evidence in that respect. The demand was clearly assignable, and I fail to discover a substantial reason why the plaintiff could not take an assignment to himself, individually, of the demand against the town. If this position is sound, it follows that the plaintiff acquired all the rights of Andrews, and within the provision of the statute above referred to, this action could be maintained by the plaintiff against the defendant, his successor in office. The liability was incurred by the commissioners, on behalf of the town, and within the scope of their authority, and in such case the statute provides that the same remedies may be had against the successor in office, in his official character, as might have been against such officer, if he had continued in office. I think it can not be successfully contended that Andrews could not maintain the action for the recovery of the demand against the defendant, if he had not parted with it. And if not, then it follows that the plaintiff, as his assignee, can maintain such action. The learned county judge was, in my judgment, led into an error in assuming that the advance of the money by the plaintiff to Andrews was an absolute payment of the demand by the town, and that the same was thereby canceled. In *Ball* v. *Miller*, (17 *How. Pr. R.* 300,) decided by the general term of this district, the court held that where an administratrix

Duntz *v.* Duntz.

paid debts of the estate beyond the funds in her hands, she was to be regarded as the equitable assignee of the demands, and entitled to satisfy them out of the real estate, *the same as the original creditor*, and that as she was not obligated to make payment beyond the personal assets in her hands, she must be deemed to have made such payment for the convenience of the creditor, or for the benefit of the estate, and not to her own prejudice. In that case the court recognizes the assignable quality of such a claim. Justice Hogeboom, at page 307, remarks: " She could also have assigned her demand covered by the surrogate's decree, to a third person, and that person have prosecuted the demand with effect." It is, however, contended that the justice's court possesses no equity jurisdiction, and therefore the equitable rights of the plaintiff could not there be regarded. It seems to me that this difficulty was obviated by the assignment which vested in the plaintiff the legal title to the demand, thus blending the legal and equitable title to the demand in the plaintiff. The services were actually rendered, upon the retainer of the commissioners of highways of the town, and in relation to matters appropriately within their supervision, and the amount of such claim was not questioned upon the trial. The money received by Andrews was proved by uncontradicted evidence to have been advanced by the plaintiff out of his own funds—and no part thereof has been paid to the plaintiff, although he has presented such claim for payment by the town. I do not perceive upon what principle of law or equity the recovery should be prevented, when the legislature, by express enactment, has recognized and provided for the enforcement of such claims against the commissioners of highways in office, arising upon contracts made by their predecessors. We are not to consider the propriety of conferring upon public officers the authority to make contracts and to pay or advance money thereon, or the possibility that they may abuse such trust. Such considerations belong to the legislature ; and the remedy for such an

evil, if it exists, must be provided by that body, and not by the courts. I therefore conclude that the county court erred in reversing the judgment of the justice's court, and that the judgment of the county court must be reversed, and that of the justice affirmed, with costs.

[ALBANY GENERAL TERM, September 19, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]